ily and is there quilty of an assault and battery."

It will be noted that the pleadings of the State in this case omit to charge a battery to have been committed by appellant in such house.

 We held in a case with similar facts, Hamilton v. State, 138 Tex.Cr.R. 360, 136 S.W.2d 858, as follows:

"This court has held that in an indictment or complaint for aggravated assault committed in the house of a private family it should be averred that a battery was committed, as well as an assault, in accordance with the express requirements of the statutory enactment specifying this ground of aggravation. In Pederson v. State, 21 Tex.App. 485, 1 S.W. 521, the court said: 'He must go into the house, or be in the house; and he must not only commit an assault, but a battery also.'" See also 4 Tex. Jur. 896.

■ We think the complaint and information herein fail to charge an offense. Our State's Attorney confesses error herein.

Under the present pleading the defendant cannot be again tried for aggravated assault.

The judgment is reversed and remanded.

Clifford Mays and Coleman Cline, both of Fort Worth, for appellant.

Alfred M. Clyde, Cr. Dist. Atty., and John J. Hegarty and Joe Shannon, Asst. Cr. Dist. Attys., all of Fort Worth, and Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is unlawfully carrying a pistol; the punishment thirty days' confinement in jail.

The record is before us without a statement of facts or bills of exceptions. Nothing is presented for the consideration of this Court.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.